UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TROY PARISH | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2372 |
| | § | |
| WERNER CO. d/b/a | § | |
| WERNER LADDER CO. | § | |
| | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court are Defendant's Motion for Summary Judgment (Dkt. #33) and Request for Submission or Oral Hearing (Dkt. #36). The motions are ripe for ruling and deemed unopposed because the submission date has passed and Plaintiff has not filed a response.[1] After careful consideration of the motions, the arguments, the entire record, and the applicable law, the Court is of the opinion that the motion for summary judgment should be granted and the request should be denied as moot.

### Factual and Procedural Background

Plaintiff alleges that on May 28, 2002, he was working as an employee of Valor Telecom. Plaintiff alleges that on that date, he set up an extension ladder with cable hooks on a telephone line. Plaintiff further alleges that while climbing the extension ladder, the cable hooks became disconnected from the telephone line, causing him to fall and sustain various serious and permanent injuries. The

---

[1] *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 20 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition). Federal Rule of Civil Procedure 6(e) gives a party who is served with a motion by mail or fax an additional three days to respond. The deadline for Plaintiff's response was October 7, 2005. To date, Plaintiff has not filed a response to Defendant's motion for summary judgment.

extension ladder was allegedly designed, manufactured, and sold by Defendant.

## Standard of Review

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment, there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to establish the existence of a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Wise v. E.I. DuPont De Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). Normally, the Court must accept the evidence of the non-movant and draw all justifiable inferences in favor of that party, *see Matsushita*, 475 U.S. at 585-87, but Plaintiff has not responded to submit or point to evidence creating fact issues. As noted, Plaintiff has not responded to Defendant's Motion, despite the fact that the deadline passed on October 7, 2005. Although it is error for the Court to grant summary judgment simply because the non-movant fails to respond, the Court may decide the merits of the case based on the Defendant's motion and supporting evidence since Plaintiff has provided no controverting evidence. *See John v. Louisiana Bd.*

*of Trs. for State Colls. & Univs.*, 757 F.2d 698, 707-08 (5th Cir. 1985); *Eversley v. MBank Dallas*, 843 F.2d 172, 173-74 (5th Cir. 1988) (noting that when the non-movant submits no summary judgment response, the district court may accept as undisputed the facts in the motion for summary judgment).

## Discussion

Plaintiff has filed suit bringing claims for products liability, negligence, and breach of warranty. Defendant has moved for summary judgment on all of Plaintiff's claims, which the Court will address in turn.

### I. Products Liability

In general there are three theories of products liability: design defects, manufacturing defects, and marketing defects. *See Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 335 (Tex. 1998) (citing *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 382 (Tex. 1995)). The Court will assume that Plaintiff seeks recovery under all three theories.

#### A. Design Defect

In a design defect lawsuit, the plaintiff bears the burden of proving four elements: (1) that the product was defective; (2) that the defective condition existed at the time the defendant relinquished possession or control of the product; (3) that the defect rendered the product unreasonably dangerous for its intended and reasonably foreseeable uses; and (4) that the unreasonably dangerous condition of the product caused the injury. *See Rourke v. Garza*, 530 S.W.2d 794, 798 (Tex. 1975). In addition, "a claimant must establish, among other things, that the defendant could have provided a safer alternative design." *Uniroyal*, 977 S.W.2d at 355. As a matter of law, a product is not unreasonably dangerous if there are no safer alternative designs. *Caterpillar, Inc.*, 911 S.W.2d at 384. In other words, a plaintiff cannot recover if it does not prove that there is a reasonable safer alternative design. *See id.* Plaintiff

3

has failed to provide any evidence to establish either the elements listed above or the possibility of a safer alternative design. Therefore, Defendant is entitled to summary judgment with respect to any claim based upon a design defect.

### B. Manufacturing Defect

In Texas, "a plaintiff has a manufacturing defect claim when a finished product deviates, in terms of its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 434 (Tex. 1997). The Plaintiff has brought forth no evidence, through experts or otherwise, to prove that the ladder allegedly used in the accident deviated from the design specifications in a manner that rendered it unreasonably dangerous. Due to this absence of evidence, Defendant is entitled to summary judgment with respect to any claims based upon a manufacturing defect theory of recovery.

### C. Marketing Defect

Under Texas law, a marketing defect cause of action consists of five elements: (1) a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product; (2) the product supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed; (3) the product must possess a marketing defect; (4) the absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) the failure to warn and/or instruct must constitute a causative nexus in the product user's injury. *Sims v. Washex Mach. Corp.*, 932 S.W.2d 559, 561 (Tex. App.–Houston [1st Dist.] 1995, no writ). Because Plaintiff has not produced any evidence to satisfy his burden or create a fact issue, Defendant is entitled to summary judgment on any claim for a marketing defect.

**II.     Negligence**

In a negligence cause of action for products liability, the ultimate question is the care taken by the supplier of a product in its preparation, manufacture, and/or sale. *Caterpillar Inc.*, 911 S.W.2d at 384. Whereas a strict products liability cause of action focuses on the product itself to determine if it is defective, negligence focuses on the acts of the manufacturer and determines if it exercised ordinary care in design and production. *Id.* (citing *Gonzales v. Caterpillar Tractor Co.*, 571 S.W.2d 867, 871 (Tex. 1978).

**A.     Negligent Design and Manufacture**

Negligent design and manufacturing claims are predicated on the existence of a safer alternative design for the product. *Am. Tobacco,* 951 S.W.2d at 437. Plaintiff cannot defeat summary judgment on any claims for negligent design or negligent manufacture because he has failed to present any evidence to establish a material question of fact with respect to the existence of a safer alternative design.

**B.     Negligent Failure to Warn**

In a negligent failure to warn case, the issue is whether a reasonably prudent person in the position of the defendant would warn of all hazards associated with the product. *Munoz v. Gulf Oil. Co.*, 732 S.W.2d 62, 65 (Tex. App.–Houston [14th Dist.] 1987, writ ref'd n.r.e.). To the extent Plaintiff alleges a failure to warn claim, he must establish that the dangers of the product were reasonably foreseeable and scientifically discoverable at the time of sale and that the failure to adequately warn was a proximate cause of the injury. *See Owens-Corning Fiberglas Corp. v. Malone*, 916 S.W.2d 551, 561 (Tex. App. –Houston [1st Dist.] 1996), *aff'd*, 972 S.W.2d 35, 41 (Tex. 1998)); *Gillespie v. Century Products Company*, 936 S.W.2d 50, 52 (Tex. App.–San Antonio 1996, no writ). Plaintiff has failed to

submit any evidence purporting to establish the elements of this cause of action or to show that the Defendant's alleged failure to warn was a proximate cause of his injury. Therefore, Defendant is entitled to summary judgment on any claim for failure to warn.

## III.  Breach of Warranty

Finally, Defendant has also moved for summary judgment on Plaintiff's claim for breach of the express and implied warranties of merchantability and fitness.

### A.  Breach of Express Warranties

Plaintiff has not specified which warranties were breached and has not produced any evidence of any express warranty made by the Defendant. Therefore, Defendant is entitled summary judgment with respect to any claims for breach of express warranty.

### B.  Implied Warranty of Merchantability

In an implied warranty of merchantability case, the plaintiff has the burden of proving that the goods were defective at the time they left the manufacturer's or seller's possession. *Plas-Tex., Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 444 (Tex. 1989). A defect means a condition of the goods that renders them unfit for the ordinary purposes for which they are used because of a lack of something necessary for adequacy. *See id.*; TEX. BUS. & COM. CODE. § 2.314(b). Plaintiff has presented no evidence that the ladder in question or its cable hook assembly were defective or that they were unfit for the ordinary purpose for which they are used. Thus, Defendant is also entitled to summary judgment with respect to any claims for breach of the implied warranty of merchantability.

### C.  Implied Warranty of Fitness for a Particular Purpose

In order to establish a breach of the implied warranty of fitness for a particular purpose, the plaintiff must establish that (1) the seller had reason to know any particular purpose for which the goods

were required at the time of contracting and (2) the buyer was relying on the seller's skill or judgment to select or furnish suitable goods. TEX. BUS. & COM. CODE. § 2.315; *ASAI v. Vanco Insulation Abatement Inc.*, 932 S.W.2d 118, 121 (Tex. App.–El Paso, no writ) (affirming trial court's finding that buyer failed to establish elements of an implied warranty of fitness for a particular purpose). The Plaintiff has produced no evidence to establish the elements above and therefore has not created a material issue of fact with respect to the same. Accordingly, Defendant is entitled to summary judgment with respect to Plaintiff's claim for breach of the implied warranty of fitness for a particular purpose.

## Conclusion

For the reasons explained above, the Court GRANTS Defendant's Motion for Summary Judgment (Dkt. #33). Defendant's Request for Submission or Oral Hearing (Dkt. #36) is DENIED as moot.

It is so ORDERED.

Signed this 20th day of March, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE